UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RITA GIBSON and EBONI DOWELL, on behalf of THEMSELVES and All Others Similarly Situated, | ) ) ) ) |
| *Plaintiffs,* | ) ) **COLLECTIVE ACTION** |
| v. | ) ) **CASE NO. _____** |
| AMAZON.COM, INC., AMAZON.COM. DEDC, LLC, and SMX, LLC, | ) ) ) ) |
| *Defendants.* | ) ) |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1.  Plaintiffs Rita Gibson and Eboni Dowell ("Plaintiffs") bring this collective action lawsuit under federal law against Defendants Amazon.com, Inc., Amazon.com.DEDC, LLC, and SMX, LLC (collectively, "Defendants") seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

2.  Plaintiffs recently worked as overtime-eligible, hourly-paid employees of the Defendants at the Amazon Fulfillment Center in Murfreesboro, Tennessee (the "Murfreesboro Facility").

3.  Defendants have always required Plaintiffs, along with all similarly situated employees, to proceed through a lengthy anti-theft security screening operation after clocking out at the end of their work shifts and at the start of their 30-minute, unpaid meal periods. Defendant Amazon.com, Inc. has applied this employment practice at all of its warehouses throughout the United States.

4. Defendants have never compensated Plaintiffs, or any similarly situated overtime-eligible employees, for the time it takes them to proceed through these mandatory security screening operations.

5. These mandatory security screening operations entail waiting in line, walking through a metal detector, periodically being inspected with metal detecting wands, and having bags and personal items searched by security guards.

6. These mandatory security screening operations are designed solely to benefit Defendants by preventing employees from stealing the merchandise contained within the Murfreesboro Facility and at Amazon warehouses throughout the United States.

7. Proceeding through Defendants' security screening operations is a required job activity for Defendants' employees at Amazon warehouses throughout the United States, including at the Murfreesboro Facility.

8. Through this collective action lawsuit, Plaintiffs seek to obtain relief related to all of this uncompensated work, including, *inter alia,* unpaid wages, unpaid overtime wages, liquidated damages, costs, attorney's fees, and declaratory and injunctive relief.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiffs' claims because they are brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

10. Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district.

# PARTIES

## I. Plaintiffs

11. Plaintiff Rita Gibson is over the age of nineteen (19) and is a resident of Davidson County, Tennessee. Ms. Gibson worked as a Warehouse Worker at the Murfreesboro Facility from September 2012 through March 2013.

12. Plaintiff Eboni Dowell is over the age of nineteen (19) and is a resident of Rutherford County, Tennessee. Ms. Dowell worked as a Warehouse Worker at the Murfreesboro Facility from April 2013 through July 2013.

## II. Defendants

### A. Defendant Amazon.com Inc.

13. Defendant Amazon.com, Inc. ("Amazon.com") is a Delaware corporation with a principal office located at 410 Terry Avenue North, Seattle, Washington 98109-5210, which is located in King County, Washington.

14. Defendant Amazon.com resides in this judicial district.

15. Defendant Amazon.com regularly conducts business in this district.

16. At all relevant times, Defendant Amazon.com has been regularly engaged in interstate commerce.

17. At all relevant times, Defendant Amazon.com has been an enterprise within the meaning of § 3(r) and § 3(s)(1) of the FLSA, 29 U.S.C. §§ 203(r) & (s).

18. At all relevant times, Defendant Amazon.com has been an employer within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07, of employees working at the Amazon Fulfillment Center in Murfreesboro, Tennessee.

### B. Defendant Amazon.com.DEDC, LLC

19. Defendant Amazon.com.DEDC, LLC ("Amazon-DEDC, LLC") is a Delaware corporation with a principal office located at 410 Terry Avenue North, Seattle, Washington 98109-5210, which is located in King County, Washington.

20. Defendant Amazon-DEDC, LLC resides in this judicial district.

21. Defendant Amazon-DEDC, LLC regularly conducts business in this judicial district.

22. At all relevant times, Defendant Amazon-DEDC, LLC has been regularly engaged in interstate commerce.

23. At all relevant times, Defendant Amazon-DEDC, LLC has been an enterprise within the meaning of § 3(r) and § 3(s)(1) of the FLSA, 29 U.S.C. §§ 203(r) & (s).

24. At all relevant times, Defendant Amazon-DEDC, LLC has been an employer within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07, of employees working at the Amazon Fulfillment Center in Murfreesboro, Tennessee.

### C. Defendant SMX, LLC

25. Defendant SMX, LLC ("SMX") is an Illinois corporation with a principal office located at 860 West Evergreen Avenue, Chicago, Illinois 60642-2634, which is located in Cook County, Illinois.

26. At all relevant times, Defendant SMX has been regularly engaged in interstate commerce.

27. At all relevant times, Defendant SMX has been an enterprise within the meaning of § 3(r) and § 3(s)(1) of the FLSA, 29 U.S.C. §§ 203(r) & (s).

28. At all relevant times, Defendant SMX has been an employer within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07, of employees working at the Amazon Fulfillment Center in Murfreesboro, Tennessee.

## THE RELEVANT TIME PERIOD

29. The Fair Labor Standards Act ("FLSA") permits plaintiffs to recover unpaid wages and liquidated damages for up to three years prior to the filing of a lawsuit. 29 U.S.C. § 255.

30. The Amazon Fulfillment Center in Murfreesboro, Tennessee opened in 2012.

31. This lawsuit was filed on October 11, 2013. Accordingly, the FLSA allegations set forth herein concern the employment of Plaintiffs and those they seek to represent since October 11, 2010 through the resolution of this litigation.

## FACTS

32. Defendant Amazon.com operates warehouses throughout the United States, including the Murfreesboro Facility.

33. Defendants jointly operate the Murfreesboro Facility, which is an approximately one million square foot logistics facility/fulfillment center.

34. Defendant Amazon.com employs the same common compensation practices and policies with respect to its hourly-paid warehouse workers in all of its warehouses, including the Murfreesboro Facility.

35. Defendants jointly employ individuals at the Murfreesboro Facility who are paid on an hourly basis and perform tasks related to the merchandise delivered, stored, and shipped from the Murfreesboro Facility. These individuals handle Murfreesboro Facility merchandise throughout the day. Their job tasks include, *inter alia*, receiving deliveries of merchandise;

transporting merchandise to its appropriate location within the Murfreesboro Facility; "picking" purchased merchandise from its storage location; and processing merchandise for shipping. These individuals, including Plaintiff, are referred to herein as "Warehouse Workers."

36. Defendants have employed hundreds (and, possibly, over 1,000) of Warehouse Workers at the Murfreesboro Facility during the relevant statutory period, including Plaintiffs.

37. Defendant Amazon.com employees tens of thousands more Warehouse Workers in warehouses similar to the Murfreesboro Facility throughout the United States, including Plaintiffs.

38. Plaintiffs and other Warehouse Workers are jointly employed by Defendants, are under the Defendants' common control, and perform work that simultaneously benefits Defendants.

39. Plaintiffs and other Warehouse Workers at the Murfreesboro Facility and at Amazon warehouses throughout the United States are classified by Defendants as non-exempt from the FLSA's wage and overtime mandates.

40. Plaintiffs and other Warehouse Workers regularly work at least 40 hours per workweek at the Murfreesboro Facility and at warehouses through the United States.

41. As described below, during the three-year time period relevant to this lawsuit, Defendants have not paid Plaintiffs and other Warehouse Workers for all of their compensable time at the Murfreesboro Facility and at Amazon warehouses throughout the United States.

42. *After* Plaintiffs and other Warehouse Workers clock-out from their shifts and stop getting paid, Defendants require them to complete a mandatory security screening process within the Murfreesboro Facility. This same practice applies to Defendant Amazon.com at its warehouses throughout the United States.

43. At the commencement of this mandatory, post-shift screening process, Plaintiffs and other Warehouse Workers must wait in lines leading up to a security screening area located within the Murfreesboro Facility. This same practice applies to Defendant Amazon.com at its warehouses throughout the United States.

44. Once inside the security screening area, Plaintiffs and other Warehouse Workers must proceed through a metal detector at the Murfreesboro Facility and at Defendant Amaazon.com's warehouses throughout the United States.

45. Once inside the security screening area, security guards inspect all bags and personal items carried by Plaintiffs and other Warehouse Workers. This occurs at the Murfreesboro Facility and at Amazon warehouses throughout the United States.

46. If the metal detector's alarm sounds, security guards individually search Plaintiffs and other Warehouse Workers using a metal detecting wand. This occurs at the Murfreesboro Facility and at Amazon warehouses throughout the United States.

47. Defendants do not allow Plaintiffs and other Warehouse Workers to leave the Murfreesboro Facility until they have successfully completed the entire screening process. This same practice applies to Defendant Amazon.com at its warehouses throughout the United States.

48. Due to the large number of Warehouse Workers leaving the Murfreesboro Facility at the end of shifts, Defendants' mandatory, post-shift screening process generally takes between approximately 10 and 15 minutes or more for Warehouse Workers to complete. This same practice applies to Defendant Amazon.com at its warehouses throughout the United States.

49. Defendants do not require Plaintiffs and other Warehouse Workers to complete a screening process when entering the Murfreesboro Facility prior to the beginning of their

7
Case 3:13-cv-01136   Document 1   Filed 10/11/13   Page 7 of 14 PageID #: 7

scheduled shift. This same practice applies to Defendant Amazon.com at its warehouses throughout the United States.

50. Defendants have implemented the mandatory, post-shift screening process to prevent and reduce the theft of merchandise from the Murfreesboro Facility. This same practice applies to Defendant Amazon.com at its warehouses throughout the United States.

51. Defendants' mandatory, post-shift screening process is solely for the benefit of Defendants and does not benefit or convenience Plaintiffs and other Warehouse Workers at the Murfreesboro Facility or at Amazon warehouses throughout the United States.

52. Completing Defendants' mandatory, post-shift screening process is necessary for Plaintiffs and other Warehouse Workers to perform their principal activities of handing merchandise within the Murfreesboro Facility, described above. Indeed, any Warehouse Worker who refuses to participate in the screening process is not permitted to handle merchandise and is subject to termination. This same practice applies to Defendant Amazon.com at its warehouses throughout the United States.

53. As such, the completion of Defendants' mandatory, post-shift screening process is integral and indispensable to the principal job activities of Plaintiffs and other Warehouse Workers at the Murfreesboro Facility and at Amazon warehouses throughout the United States.

54. Defendants have never paid Plaintiffs and other Warehouse Workers for time expired during the mandatory, post-shift screening process. This is true at the Murfreesboro Facility and at Amazon warehouses throughout the United States.

55. Because, under the FLSA, the compensable workday extends until the completion of the mandatory, post-shift screening process, Warehouse Workers have not received any pay (including overtime premium pay) for all of their compensable work hours.

56. In addition, Defendants automatically deduct 30 minutes from Plaintiffs' and other Warehouse Workers' compensable time each shift for a purported meal break. This employment practice applies to the Warehouse Workers at the Murfreesboro Facility and those at Amazon warehouses throughout the United States.

57. Defendants require Plaintiffs and other Warehouse Workers to remain at their work locations until the start of their 30-minute, unpaid meal periods. This employment practice applies to the Warehouse Workers at the Murfreesboro Facility and those at Amazon warehouses throughout the United States.

58. After the start of the 30-minute, unpaid meal periods, Plaintiffs and other Warehouse Workers must walk to the Murfreesboro Facility's time clocks to clock-out, which can take several minutes. This practice occurs at Amazon warehouses throughout the United States, including the Murfreesboro Facility.

59. Then, to exit the Murfreesboro Facility or any Amazon warehouse in the United States, Plaintiffs and other Warehouse Workers must complete the same mandatory screening process described above.

60. Defendants' mandatory screening process during the unpaid 30-minute break generally takes between approximately 4 and 10 minutes to complete.

61. Similar to the end of each shift, Defendants have implemented the mandatory screening process during the unpaid 30-minute break to prevent and/or reduce employee theft.

62. Defendants' mandatory screening process during the unpaid 30-minute break is solely for the benefit of Defendants and does not benefit or convenience Plaintiffs or other Warehouse Workers.

9

63. Based on the above, Plaintiffs and other Warehouse Workers are not completely relieved from duty for purposes of eating regular meals during the entire 30-minute unpaid break. Plaintiffs and other Warehouse Workers are entitled to be paid for all time during which they are not completely relieved from duty for purposes of eating regular meals. *See* 29 C.F.R. § 785.19.

64. By failing to pay Plaintiffs and other Warehouse Workers for all compensable time after the end of the paid shift and during unpaid meal breaks, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

65. The unpaid compensable time described above is not *de minimis* because: (i) it is not administratively difficult to record such time; (ii) the aggregate amount of time spent in the screening process is significant; and (iii) the screening process is mandatory.

## COLLECTIVE ACTION ALLEGATIONS

66. Plaintiffs assert their claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential opt-in litigants:

> All hourly-paid employees who have worked at any Amazon warehouse in the United States since October 11, 2010 and who have been required to proceed through Defendants' anti-theft security screening operation without pay after their paid shifts and/or during their unpaid meal periods.

67. Alternatively, Plaintiffs assert their claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential opt-in litigants:

> All hourly-paid employees of Defendants who have worked at the Amazon Fulfillment Center in Murfreesboro, Tennessee since October 11, 2010 and who have been required to proceed through Defendants' anti-theft security screening operation without pay after their paid shifts and/or during their unpaid meal periods.

68. Plaintiffs are representatives of a class of Defendants' employees who were not paid for all hours worked as described herein. Plaintiffs have actual knowledge that numerous hourly-paid employees of Defendants were not paid by Defendants for all hours worked as described herein.[1]

69. Plaintiffs and other members of the proposed collective action are similarly situated, as that term is defined under 29 U.S.C. § 216(b) and the associated caselaw, *see, e.g.*, *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009), because, *inter alia*, they all were subjected to Defendants' common company practice of not paying overtime-eligible, hourly-paid warehouse employees at the Murfreesboro Facility all hours worked and Defendant Amazon.com's common company practice of not paying overtime-eligible, hourly-paid warehouse employees at all Amazon warehouses in the United States for all hours worked.

70. Collective action treatment of Plaintiffs' FLSA claim is appropriate because Plaintiffs and the putative collective class members have been subjected to the common business practices of the Defendants, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, (a) whether Defendants' common payroll and timekeeping practices fail to compensate class members for the time they spend proceeding through Defendants' mandatory anti-theft security screening operation, and (b) whether time spent proceeding through this security screening operation, both at the start of each meal period and after each shift, is compensable under the law.

71. Plaintiffs and the above collective are "similarly situated," as that term is defined in 29 U.S.C. § 216(b), because, *inter alia*, every member of the collective was subjected to and

---

[1] Plaintiffs who have accepted offers of judgment in *Suggars el al. v. Amazon.com, Inc., et al.*, 3:13-cv-00906 (M.D. Tenn.) (Trauger), pursuant to Rule 68 of the Federal Rules of Civil Procedure, should not be included in any certified class, as their claims have been waived.

paid pursuant to Defendants' common business practice of failing to compensate Warehouse Workers for time expired screening process described above.

## COUNT I
### (Alleging Violations of the FLSA)

72. All previous paragraphs are incorporated as though fully set forth herein.

73. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

74. Plaintiffs and other members of the collective are covered employees entitled to the FLSA's protections.

75. Defendants are covered employers required to comply with the FLSA's mandates.

76. Defendants have violated the FLSA with respect to the Plaintiffs and the Class by, *inter alia*, failing to pay them any compensation (including overtime premium compensation) for the time expired (i) between the end of their paid shift and the end of the post-shift screening process and (ii) between the commencement of the unpaid meal break and the end of the intra-meal break screening process.

77. In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief on behalf of themselves and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.      Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the collective action;

C.      A judgment against Defendants and in favor of Plaintiffs and others similarly situated for compensation for all hours worked at a rate not less than the applicable minimum wage as well as the amount of unpaid and underpaid overtime that Defendants have failed and refused to pay in violation of the FLSA, as charged herein;

D.      A finding that Defendants' practices at issue have violated the FLSA;

E.      A finding that Defendants' violations of the FLSA are and/or were willful;

F.      An injunction prohibiting Defendants from violating the FLSA;

G.      Liquidated damages and pre-judgment interest to the fullest extent permitted under the FLSA;

H.      Litigation costs, expenses, and Plaintiffs' attorney's fees to the fullest extent permitted under the FLSA; and,

I.      Such other and further relief as this Court deems just and proper.

Date:   October 11, 2013                    Respectfully submitted,

/s/ David W. Garrison
**JERRY E. MARTIN (BPR # 20193)**
**DAVID W. GARRISON (BPR # 24968)**
**SCOTT P. TIFT (BPR # 27592)**
**SETH M. HYATT (BPR # 31171)**
BARRETT JOHNSTON, LLC
217 Second Avenue North
Nashville, TN 37201
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com
stift@barrettjohnston.com
shyatt@barrettjohnston.com
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

**PETER WINEBRAKE***
**R. ANDREW SANTILLO***
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone: (215) 884-2491
Facsimile: (215) 884-2492
pwinebrake@winebrakelaw.com
asantillo@winebrakelaw.com
* *Pro Hac Vice* Motion Anticipated

**J. CHRIS SANDERS***
Attorney At Law
7982 New LaGrange Road, Suite 5
Louisville, KY 40220
(502) 558-6337
jchrissanders@yahoo.com
* *Pro Hac Vice* Motion Anticipated

**DAVID O'BRIEN SUETHOLZ***
KIRCHER, SUETHOLZ AND GRAYSON, PSC
515 Park Avenue
Louisville, KY 40208
Telephone: (502) 636-4333
Facsimile: (502) 636-4342
dave@unionsidelawyers.com
* *Pro Hac Vice* Motion Anticipated

*Attorneys for Plaintiffs*